IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS RICHARDSON,

                    Petitioner,                                    ORDER

          v.                                                  08-cv-200-slc

RICK RAEMISCH, Secretary, Dept.
of Corrections,
                    Respondent.

---

    Petitioner Dennis Richardson, a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin, has submitted a proposed complaint.  He asks for leave to proceed <u>in forma pauperis</u> and supports his request with a copy of his trust fund account statement for a one-month period immediately preceding the filing of his complaint.  In addition, he has sent a check in the amount of $150.  Because $150 is not enough to cover the full amount of the $350 filing fee, and because petitioner's incomplete trust fund account statement is not adequate to show that he qualifies for pauper status under 28 U.S.C. § 1915 and therefore, may pay a lesser amount as an initial partial payment, I will stay a decision on petitioner's request in order to allow petitioner an opportunity to submit additional information.

    In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1).  According to this formula, a prisoner requesting leave to proceed <u>in forma pauperis</u> must prepay 20% of the greater of the average

monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint. If this calculation results in a finding that the prisoner must prepay $350, he will not qualify for indigent status under § 1915.

If I were to attempt to determine petitioner's indigence using the one-month statement petitioner has provided, I would have to conclude that he does not qualify for indigent status. That statement shows that on March 1, 2008, petitioner was carrying forward from the month of February 2008 a balance of $3,703.89. At the end of March, he had a balance of $3,503.74. Thus, even if I assume that he had absolutely no balance or income for the months of October, November and December 2007 and January 2008, he would owe $240.25 as an initial partial payment of the filing fee ($3,703.89 + $3,503.74 ÷ 6 = $1,201.27 x 20% = $240.25). In that case, before I could screen his complaint as § 1915(e)(2) requires, petitioner would need to send an additional check or money order to the clerk of court in the amount of $90.25, on top of the $150 payment he has already made. On the other hand, if plaintiff had income during any one or more of the months of October, November and December of 2007 and January of 2008, he may well owe an even larger amount or possibly not qualify at all to use the initial partial payment provision in § 1915.

Because I cannot determine whether petitioner qualifies for indigent status under § 1915, I will stay a decision on his request for leave to proceed in forma pauperis until he supplements his trust fund account statement with a statement beginning approximately October 1, 2007 and ending approximately February 29, 2008. Alternatively, if petitioner knows he will not qualify for indigent status in light of the manner the in forma pauperis statute requires his indigence to be determined, he may submit an additional payment of $200 to cover the balance of the filing fee.

ORDER

IT IS ORDERED that petitioner Dennis Richardson may have until May 5, 2008, in which to submit either

1. A trust fund account statement beginning approximately October 1, 2007 and ending approximately February 29, 2008; or

2. Payment of $200 to cover the balance of the $350 filing fee in this case.

Further, IT IS ORDERED that if, by May 5, 2008, petitioner fails to provide the supplemental trust fund account statement or pay an additional $200, he will be held to have withdrawn this action voluntarily.  In that event, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.  (Whether or not petitioner responds to this order, his $150 payment will be retained because it already has been deposited into the United States treasury.)

Entered this 15th day of April, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge