IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENNIS RICHARDSON,

                                Plaintiff,

       v.

RICK RAEMISCH, JODINE DEPPISCH,
and DR. ELLIOTT,

                                Defendants.

OPINION AND ORDER

08-cv-200-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On May 30, 2008, I granted plaintiff leave to proceed on his Eighth Amendment claims that defendants Dr. Elliott and Jodine Deppisch refused to provide him with any treatment for his post-traumatic stress disorder and that defendant Rick Raemisch approved a policy to refuse treatment to prisoners who suffer from post-traumatic stress disorder.

Before turning to consider defendants' motion for summary judgment, a word about procedure is in order. The parties received instructions on how to file submissions related to summary judgment. <u>Procedure to be Followed on Motions for Summary Judgment</u>, <u>Helpful Tips to Filing a Summary Judgment Motion in Cases Assigned to Judge Barbara B. Crabb</u>, attached to Pre-Trial Order, dkt. #31. As explained in the instructions, a party

1

moving for summary judgment must file a motion, a statement of proposed findings of fact, evidentiary materials and a supporting brief. A party opposing summary judgment must file a brief with opposing legal arguments, a response to the movant's proposed findings of fact, and evidentiary materials to support the factual propositions. Each fact must be proposed in a separate paragraph and supported by a reference to supporting evidence. In opposing defendants' motion, plaintiff failed to comply with these procedural rules. Instead, he submitted an opposition brief and exhibits, including his inmate complaints and the jail's responses.

Plaintiff's failure to follow the procedural rules could be grounds for disregarding all the evidence he submitted in opposition to defendants' motion for summary judgment. However, it is apparent that, as a pro se prisoner, plaintiff simply misunderstood the rules, and a pro se prisoner's non-compliance with local rules should not mean that they do not receive a "fair shake." Dale v. Poston, __F.3d__, 2008 WL 4951070, *5 (7th Cir. Nov. 21, 2008). More important, defendants will suffer no prejudice if I consider plaintiff's submissions because, even considering plaintiff's evidence, the facts show that he has failed to exhaust his administrative remedies.

From plaintiff's exhibits and defendants' proposed findings of fact, I find the following facts to be material and undisputed.

2

UNDISPUTED FACTS

At all times relevant to this action, plaintiff Dennis Richardson was an inmate at the Fox Lake Correctional Institution in Fox Lake, Wisconsin. Defendant Rick Raemisch was the Secretary for the Department of Corrections; defendant Jodine Deppisch was the Warden at Fox Lake Correctional Institution; and defendant Dr. Elliott was the Psychological Services Unit Supervisor at the institution.

On October 5, 2007, plaintiff filed an inmate complaint for denial of treatment for post-traumatic stress disorder. Three days later, the institution complaint examiner returned the complaint to plaintiff for failure to initially resolve the issue with defendant Dr. Elliott pursuant to § DOC 310.09(4) of the Wisconsin Administrative Code.

Plaintiff followed up with a letter to Dr. Elliott in an attempt to resolve the issue. He attached a copy of the letter to a second inmate complaint that he filed on October 31, 2007. This complaint was given complaint number FLCI-2007-32484. On December 18, 2007, the institution complaint examiner recommended dismissal of the complaint, stating that "[b]ased on the response provided by Dr. Elliott, PSU [Psychological Services Unit] does not provide treatment for PTSD [post-traumatic stress disorder]. The reason is that it is not a treatment need [sic] identified by Classification." The institution complaint examiner concluded that "inmate Richardson is not being denied treatment. PTSD was not a treatment provided by PSU staff, nor is it an identified treatment available in the DOC

3

[Department of Corrections]." Defendant Deppisch, the appropriate reviewing authority, accepted the examiner's recommendation and dismissed plaintiff's second complaint on December 19, 2007.

While his second complaint (FLCI-2007-32484) was pending, plaintiff filed a third inmate complaint on November 16, 2007. His third complaint was given complaint number FLCI-2007-34003. Plaintiff alleged in this complaint the same denial of treatment for his post-traumatic stress disorder as he had claimed in his second complaint. On December 27, 2007, the institution complaint examiner rejected the third complaint because the issue raised had previously been addressed through plaintiff's second complaint.

On January 2, 2008, plaintiff attempted to file an appeal with the corrections complaint examiner regarding the denial of treatment for post-traumatic stress disorder. The appeal was returned to plaintiff because he failed to specify the complaint number of the complaint for which he was seeking review.

Plaintiff resubmitted his appeal to the corrections complaint examiner on January 15, 2008. This time, he designated complaint number FLCI-2007-34003, which had been rejected, as the complaint for which he wanted review. The corrections complaint examiner's office returned plaintiff's request because it has no authority to review rejected complaints.

Plaintiff filed a third appeal with the corrections complaint examiner on January 29, 2008. However, this appeal, too, was an appeal of the rejection of complaint number FLCI-

4

2007-34003. The corrections complaint examiner's office again dismissed plaintiff's appeal on the ground that it cannot review rejected complaints.

OPINION

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Indiana Grocery, Inc. v. Super Valu Stores, Inc., 864 F.2d 1409, 1412 (7th Cir. 1989). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Brummett v. Sinclair Broad. Group, Inc., 414 F.3d 686, 692 (7th Cir. 2005). If the non-moving party fails to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the moving party is proper. Celotex, 477 U.S. at 322.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo

5

v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006).

Wisconsin inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner. Wis. Admin. Code §§ DOC 310.09, 310.10 or 310.16(4). An institution complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements or recommend to the appropriate reviewing authority (the warden or designee) that the complaint be granted or dismissed. Wis. Admin. Code § DOC 310.07(2). If the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. Wis. Admin. Code § DOC 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal to a corrections complaint examiner, who is required to conduct additional investigation
6

when appropriate, and make a recommendation to the Secretary of the Wisconsin Department of Corrections. Wis. Admin. Code § DOC 310.13. Within ten working days following receipt of the corrections complaint examiner's recommendation, the Secretary must accept the recommendation in whole or with modifications, reject it and make a new decision or return it for further investigation. Wis. Admin. Code § DOC 310.14.

Under some circumstances, an inmate complaint may be rejected before it is passed along to a reviewing authority. Wis. Admin. Code § 310.11(5). These circumstances include instances in which the complaint raises a matter that the prisoner already raised in another complaint. Wis. Admin. Code § DOC 310.11(5)(g). When an inmate's complaint is rejected, the prisoner may appeal the rejection to the appropriate reviewing authority, who may review only "the basis for the rejection of the complaint." Wis. Admin. Code § DOC 310.11(6). An inmate should not appeal a rejection of his complaint to the corrections complaint examiner. Wis. Admin. Code § 310.13(3). If an inmate appeals the rejection of his complaint to the warden and the warden agrees that the rejection is inappropriate, the inmate's complaint is returned to the institution complaint examiner for review on the merits. At that point, the inmate has to appeal any unfavorable decision to the corrections complaint examiner using the procedure described in Wis. Admin. Code § DOC 310.13 before a federal court can find that he exhausted his administrative remedies.

Plaintiff failed to follow this process with any of his complaints. He did not pursue

7

an appeal to the corrections complaint examiner regarding the reviewing authority's dismissal of his second complaint, FLCI-2007-32484, which had been reviewed by the institution complaint examiner on its merits.  If he had, plaintiff would have satisfied the exhaustion requirements for filing a federal complaint.  Instead, plaintiff appealed the rejection of his third complaint, FLCI-2007-34003, to the corrections complaint examiner, who was without authority to review it.  Wis. Admin. Code § DOC 310.13(3).

Even if plaintiff had appealed the rejection of his third complaint to the appropriate reviewing authority, and the reviewing authority had determined that the complaint was properly rejected, plaintiff could not at that point filed a  federal complaint.  The whole point of the exhaustion requirement is to allow prison officials the first opportunity to remedy a prisoner's complaint that his rights are being violated.  When a complaint is rejected on the ground that it duplicates another complaint currently under consideration, the reviewing authority can do nothing more than verify the correctness of the institution complaint examiner's determination that the complaint duplicates another.  Neither the institution complaint examiner nor the reviewing authority is allowed to review the prisoner's underlying claim that his rights are being infringed.  Therefore, a prisoner's completion of the process for appealing a rejected complaint under this circumstance would not satisfy the exhaustion requirements for filing a federal complaint.  Instead, the prisoner would have to properly appeal to the corrections complaint examiner any unfavorable

8

decision he received with respect to his previously filed complaint, await the Secretary's final decision, before he could file his complaint in federal court.

Under the Prison Reform Litigation Act, plaintiff's failure to follow the designated administrative process requires dismissal of his claims without prejudice. To proceed in federal court, plaintiff must strictly follow the administrative process outlined in chapter DOC 310 of the Wisconsin Administrative Code. By failing to correctly utilize the administrative process, plaintiff has not given the institution a full opportunity to consider his complaint.

Although plaintiff cannot currently proceed with his Eighth Amendment claims, it is conceivable that he can initiate a new inmate complaint and start the administrative process over. Because plaintiff's medical problems are ongoing, his prior complaints do not necessarily bar him from using the grievance system to resolve a new, timely complaint.

I will grant defendants' motion for summary judgment because plaintiff failed to exhaust the administrative remedies available to him. His claims will be dismissed without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that the summary judgment motion of defendants Raemisch, Deppisch, and Dr. Elliott is GRANTED. Plaintiff Dennis Richardson's claims are DISMISSED.

Entered this 18th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10